UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AERIAL BUTTARS TOPHAM,<br><br>    Plaintiff,<br><br>v.<br><br>ABF FREIGHT SYSTEM, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00364-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant ABF Freight System, Inc. (ABF)'s Motion to Dismiss[1] Plaintiff Aerial Buttars Topham's Complaint.[2]  For the reasons discussed below, the court GRANTS the Motion.

**BACKGROUND**[3]

ABF is a Utah business.[4]  ABF formerly employed Topham beginning in March 2022.[5] Topham suffers from post-traumatic stress disorder, and as a result experiences panic attacks that interrupt her daily activities.[6]  On July 12, 2024, Topham requested from ABF leave and an accommodation of an adjusted work schedule.[7]  ABF denied the accommodation request without

---

[1] Dkt. 10, *Defendant ABF Freight System, Inc.'s Motion to Dismiss Plaintiff's Complaint* (*Motion*).

[2] Dkt. 1-1, *Complaint.*

[3] The following facts are drawn from the Complaint.  In reviewing the Motion to Dismiss, the court "accept[s] as true all well-pleaded facts" and "view[s] those facts in the light most favorable to the nonmoving party." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998)).

[4] *Complaint* ¶¶ 1–2.

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 5.

[7] *Id.* ¶ 7.

engaging in an interactive process with Topham.[8]  On January 3, 2025, ABF terminated

Topham's employment.[9]  On January 14, 2026, the U.S. Equal Employment Opportunity

Commission issued Topham a Determination and Notice of Rights.[10]

## PROCEDURAL HISTORY

On April 10, 2026, Topham filed her Complaint in Utah state court.[11]  ABF removed the

case to this court on May 1, 2026.[12]  On May 29, 2026, ABF filed its Motion to Dismiss.[13]

Topham did not file a response in opposition.[14]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move the court to dismiss a

complaint for "failure to state a claim upon which relief can be granted."[15]  "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"[16]  A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."[17]  When determining whether a complaint meets this standard, the

court "assume[s] the factual allegations are true and ask[s] whether it is plausible that the

---

[8] *Id.* ¶ 8.

[9] *Id.* ¶ 9.

[10] *Id.* ¶ 11.

[11] *Id.*

[12] Dkt. 1, *Defendant ABF Freight System, Inc.'s Notice of Removal to Federal Court.*

[13] *Motion.*

[14] *See generally Docket.*  The local rules require a response to a motion to dismiss under Federal Rule of Civil Procedure 12(b) be filed within 28 days.  DUCivR 7-1(a)(4)(A)(iii).  This deadline has passed.

[15] Fed. R. Civ. P. 12(b)(6).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Id.* (citing *Twombly*, 550 U.S. at 556).

plaintiff is entitled to relief."[18]  Allegations that are mere "labels and conclusions," or "naked

assertions devoid of further factual enhancement" are not sufficient.[19]  Nor are they entitled to

the assumption of truth.[20]  Further, the court does not "weigh potential evidence that the parties

might present at trial" but "assess[es] whether the plaintiff's complaint alone is legally sufficient

to state a claim for which relief may be granted."[21]

When considering a motion to dismiss against a pro se litigant, the complaint is

"construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers."[22]  However, a pro se party is not relieved of "the burden of alleging sufficient facts on

which a recognized legal claim could be based."[23]

## DISCUSSION

ABF seeks dismissal of the Complaint on two grounds: failure to comply with Federal

Rule of Civil Procedure 8's pleading requirements, and failure to state a claim upon which relief

can be granted.[24]  The Complaint brings claims for discriminatory termination under the

American with Disabilities Act (ADA) and the Utah Antidiscrimination Act (UADA), and

failure to provide protected leave under the Family and Medical Leave Act (FMLA).[25]  Because

---

[18] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[19] *Iqbal*, 556 U.S. at 678 (citation modified); *see also Gallagher*, 587 F.3d at 1068 ("Conclusory allegations are not enough to withstand a motion to dismiss.").

[20] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of [a] motion to dismiss [the court] must take all factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation.").

[21] *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (citation modified).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Id.*

[24] *Motion* at 3–13.

[25] *Complaint* ¶¶ 3–4.

the Complaint does not allege facts sufficient for relief under any of these claims, the court limits its analysis there and dismisses Topham's claims pursuant to Rule 12(b)(6).

## I.       Americans with Disabilities Act

The court first considers Topham's claim for discrimination under 42 U.S.C. § 12112 of the ADA.  The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees . . . ."[26]  To plead a claim for disability discrimination, Topham must allege (1) she is "a disabled person as defined by the ADA; (2) [she] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [she] suffered discrimination by an employer or prospective employer because of that disability."[27]  ABF argues Topham fails to state a claim because she does not allege she was a qualified individual or that her termination was connected to her alleged disability.[28]  The court agrees.  The Complaint does not include factual allegations that plausibly state these two required elements.[29]  Accordingly, the claim for discrimination under the ADA is dismissed.

## II.      Utah Antidiscrimination Act

The court next turns to Topham's discrimination claim under the UADA.  ABF seeks dismissal of the UADA claim as a matter of law because the statute does not provide a private right of action.[30]  The court agrees.  "[T]he the exclusive remedy for an employee claiming a

---

[26] 42 U.S.C. § 12112(a).

[27] *E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 985 (10th Cir. 2012).

[28] *Motion* at 6–8.

[29] *See Complaint*.

[30] *Motion* at 5–6.

violation of the statute is an appeal to the state Division of Antidiscrimination and Labor."[31] Because the court does not have jurisdiction to hear claims brought under UADA, the court dismisses Topham's claim.

### III.   Family and Medical Leave Act

Finally, the court considers Topham's claim for failure to provide protected leave under 29 U.S.C. § 2612 of the FMLA.  To plead a claim of FMLA interference, Topham must allege "(1) that she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights."[32]  An employee is entitled to protected leave if (1) she has been employed for at least 12 months, (2) she has worked at least 1,250 hours during the previous 12 month period, and (3) the employer has employed "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."[33]

ABF argues Topham does not adequately plead a claim for FMLA interference because she does not allege that she was entitled to protected leave.[34]  The court agrees.  Though Topham alleges she was employed by ABF for over two years at the time of the leave request,[35] she does not allege she worked at least 1,250 hours during the previous 12-month period.[36]  Nor does she allege that ABF meets the statute's requirements to be an eligible employer.[37]  Without such

---

[31] *Buckner v. Kennard*, 2004 UT 78, ¶ 37, 99 P.3d 842 (citing *Sauers v. Salt Lake County*, 735 F. Supp. 381, 385 (D. Utah 1990)).

[32] *Dalpiaz v. Carbon County*, 760 F.3d 1126, 1132 (10th Cir. 2014) (citation and quotation marks omitted).

[33] 29 U.S.C. § 2611(2)(A)(i)-(ii), (4)(A)(i).

[34] *Motion* at 11–13.

[35] *See Complaint* ¶¶ 6–7.

[36] *See id.*

[37] *See id.*

allegations, the Complaint fails to plausibly state a claim for relief.  Accordingly, the court

dismisses Topham's FMLA claim.

## CONCLUSION

For the reasons discussed above, the Complaint fails to state a claim upon which relief

can be granted.  The court therefore GRANTS the Motion.[38]  The Clerk of Court is DIRECTED

to close the case.

SO ORDERED this 13th day of July, 2026.

BY THE COURT:

_____

ROBERT J. SHELBY
United States District Judge

---

[38] Dkt. 10.

6